UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 6:20-CV-01295** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **U S CURRENCY** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

## MEMORANDUM RULING

Before the Court are the following:

- Two substantially identical Motions to Suppress filed by Richard Hebert, Jr. (Rec. Doc. 18 and 19).

- Motion to Strike Putative Claimant's Answer for Lack of Standing and to Dismiss Motion to Suppress as Moot filed by the United States (Rec. Doc. 20). Hebert responded. (Rec. Doc. 22).

Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, Hebert's Motions to Suppress are denied and the United States' Motion to Strike is granted.

## Factual Background

This forfeiture *in rem* proceeding arises from the alleged fraudulent obtainment of Paycheck Protection Program ("PPP") loans during the Covid-19 pandemic. (Rec. Doc. 1). In August 2020, the Court issued a warrant for the seizure

of up to $946,692.18 from the Wells Fargo bank account in the name of Brookland Realty, LLC. (Rec. Doc. 20-2). The funds were seized and held by the United States Department of Treasury. (See Rec. Doc. 6).

On October 2, 2020, the United States filed a Verified Complaint for Forfeiture *In Rem* against the $946,692.00 seized from Brookland Realty's Wells Fargo bank account. On October 6, 2020, the Court issued a Warrant for Arrest of Property *In Rem*. (Rec. Doc. 4; 6). On October 14, 2020, the United States Attorney sent Hebert a Notice and copy of the Complaint, which he received on October 19, 2020. (Rec. Doc. 20-4). The Notice advised Hebert to file a claim with the Clerk of Court within thirty-five days, to file an answer or motion under Rule 12 within twenty-one days, and to serve a copy of the answer or motion on the United States Attorney. (Rec. Doc. 20-4, p.2-3). Two other claimants, Gulf Coast Bank and Gulf Coast Bank and Trust, filed claims. (Rec. Doc. 10; 14).

Hebert filed nearly identical Motions to Suppress on January 4, 2021. He claims that the United States illegally seized a parent's legal will, drywall case documents, a Rolls Royce vehicle, and a New Orleans property. (Rec. Doc. 18; 19). He also filed an answer. (Rec. Doc. 17). In response, the United States filed a Motion to Strike and to Dismiss the foregoing pleadings on the grounds that Hebert lacks standing and that he failed to comply with applicable procedure. (Rec. Doc. 18).

## Applicable Law

*In rem* civil forfeiture proceedings are governed by Rule G of the Supplemental Rules for Admiralty and Marine Claims. Rule G(4) mandates procedures for issuance of notice. The record reflects that the United States complied with Rule G(4) in issuing the required Notice to claimants. (Rec. Doc. 20-3; 20-4; 20-5).

Rule G(5) governs responsive pleadings:

(a) Filing a Claim.

(i) A person who asserts an interest in the defendant property may contest the forfeiture by filing a claim in the court where the action is pending. The claim must:

(A) identify the specific property claimed;

(B) identify the claimant and state the claimant's interest in the property;

(C) be signed by the claimant under penalty of perjury; and

(D) be served on the government attorney designated under Rule G(4)(a)(ii)(C) or (b)(ii)(D).

(ii) Unless the court for good cause sets a different time, the claim must be filed:

(A) by the time stated in a direct notice sent under Rule G(4)(b);
…

(b) Answer. A claimant must serve and file an answer to the complaint or a motion under Rule 12 within 21 days after filing the claim. A claimant waives an objection to in rem jurisdiction or to venue if the objection is not made by motion or stated in the answer.

"Strict compliance with Supplemental Rule G(5) is required….Failure to comply with the foregoing requirements leaves a claimant without [statutory] standing to challenge the forfeiture." *United States v. $100,641.06 U.S. Currency*, No. CIV.A. 13-5566, 2014 WL 6896035, at *4 (E.D. La. Dec. 8, 2014). See also *United States v. $229,590.00 in U.S. Currency Seized from a Safe in the Home of Dallas Cty. Com'r Price,* No. 3:12-CV-0893-D, 2012 WL 4354814, at *3 (N.D. Tex. Sept. 24, 2012), citing *United States v. $12,126.00 in U.S. Currency,* 337 Fed. Appx. 818, 820 (11th Cir.2009) (per curiam) (citations omitted); *United States v. 479 Tamarind Drive, Hallendale, Fla.,* 2011 WL 1045095, at *3 (S.D.N.Y. Mar.11, 2011). The Third Circuit explained the rationale for strict compliance with Rule G as follows:

> The requirement that the claimant file a timely verified statement serves two purposes. First, it forces claimants "to come forward as quickly as possible after the initiation of forfeiture proceedings, so that the court may hear all interested parties and resolve the dispute without delay." *$8,221,877.16 in U.S. Currency,* 330 F.3d at 150 n. 9 (internal quotation marks omitted). Second, it "minimize[s] the danger of false claims by requiring claims to be verified or solemnly affirmed." *Id.* For these reasons, the requirement "is no mere procedural technicality." *United States v. $23,000 in U.S. Currency,* 356 F.3d 157, 163 (1st Cir.2004); *see also United States v. Commodity Account No. 549 54930,* 219 F.3d 595, 597 (7th Cir.2000) ("[V]erification is an essential element of any claim because of the substantial danger of false claims." (internal quotation marks omitted)). A claimant who fails to file a verified statement has no standing to contest a forfeiture. *See $8,221,877.16 in U.S. Currency,* 330 F.3d at 150 n. 9; *see also United States v. 8136 S. Dobson Street,* 125 F.3d 1076, 1082 (7th Cir.1997) ("If no claim is filed, a putative claimant lacks standing to contest a

4

forfeiture." (internal quotation marks omitted)). Courts have repeatedly emphasized that forfeiture claimants must strictly adhere to the filing requirements to perfect standing. *See, e.g., United States v. One–Sixth Share Of James J. Bulger In All Present & Future Proceeds of Mass Millions Lottery Ticket No. M246233,* 326 F.3d 36, 41–42 (1st Cir.2003) (claimant's failure to file timely claim sufficient to disqualify him from intervening); *United States v. Real Property,* 135 F.3d 1312, 1316–17 (9th Cir.1998) (collecting cases where courts "conditioned a person's standing to contest forfeiture or garnishment actions on strict compliance with filing requirements").

*United States v. $487,825.000 in U.S. Currency*, 484 F.3d 662, 664–65 (3d Cir. 2007), *as amended* (May 14, 2007).

The United States contends that Hebert failed to comply with Rule G(5), and thus lacks statutory standing[1] to challenge the forfeiture. The record supports that Hebert did not comply with Rule G(5). Although Hebert filed an answer, he did not file a verified claim with the Clerk of Court within thirty-five days as required by the Notice.

Hebert submitted a copy of a Fed-Ex receipt indicating that something was delivered to the United States Attorney on November 18, 2020; however, Hebert did not provide a copy of the documents sent. (Rec. Doc. 22-1). Nor is there any evidence in the record that Hebert filed a verified claim with the Clerk of Court. Hence, Hebert failed to comply with Rule G(5). Because strict compliance with Rule

---

[1] Statutory standing, which requires compliance with procedural requirements, is contrasted to Article III standing, which requires the existence of a case or controversy. See *United States v. $148,840.00 in U.S. Currency*, 521 F.3d 1268, 1273, fn. 3 (10th Cir. 2008).

G is required and failure to comply is fatal to a claim, Hebert lacks statutory standing to assert a claim.

Hebert did not expressly move for an extension of time to file a claim. Under Rule 6(b)(1)(B),[2] the court may extend a deadline "on motion made after the time has expired if the party failed to act because of excusable neglect." In determining excusable neglect, the Court must consider the *Pioneer* factors: prejudice to the opposing party, length of the delay, and reason for the delay. *Silvercreek Mgmt., Inc. v. Banc of Am. Sec., LLC*, 534 F.3d 469, 472 (5th Cir. 2008), citing *Pioneer Investment Services Co. v. Brunswick Associates L.P.,* 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). Hebert did not file a motion for extension or present any argument or evidence in support of his excusable neglect, foregoing consideration of excusable neglect.

Regardless, the Court finds that Hebert's failure to submit evidence of a possessory interest in the seized property justifies disallowing Hebert to proceed. Under the civil forfeiture scheme (18 U.S.C. §981; Rule G), a claimant must submit evidence of a cognizable property interest in the seized property: "A claimant need

---

[2] Rule A(2) provides that "[t]he Federal Rules of Civil Procedure also apply to the foregoing proceedings [which include forfeiture actions *in rem* arising from a federal statute] except to the extent that they are inconsistent with these Supplemental Rules." *United States v. $229,590.00 in U.S. Currency Seized from a Safe in the Home of Dallas Cty. Com'r Price*, No. 3:12-CV-0893-D, 2013 WL 625742, at *2 (N.D. Tex. Feb. 20, 2013).

6

not prove the merit of his underlying claim, but he must be able to show at least a facially colorable interest in the proceedings sufficient to satisfy the case-or-controversy requirement and prudential considerations defining and limiting the role of the court." *United States v. $321,470.00, U.S. Currency,* 874 F.2d 298, 302 (5th Cir. 1989) (internal quotes omitted).

Hebert filed an answer in which he alleges that he is the owner of the Wells Fargo bank account, which conceivably asserts a claim to the seized property. (Rec. Doc. 17). The answer is not verified (i.e. signed under penalty of perjury). The United States moves to strike Hebert's answer pursuant to Rule G(8)(c)(i)(A), which authorizes the Court to strike a claim or answer which fails to comply with Rule G(5). Because Hebert failed to comply with Rule G by filing a *verified* claim with the Clerk of Court, even if the answer could be construed as a claim, the Court finds that striking the answer is warranted.

## Conclusion

For the reasons discussed herein, Richard Hebert, Jr.'s Motions to Suppress (Rec. Doc. 18 and 19) are DENIED. The United States' Motion to Strike and to Dismiss (Rec. Doc. 20) is GRANTED.

THUS DONE in Chambers, Lafayette, Louisiana on this 19th day of March, 2021.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE